LEON A. CANNIZZARO, JR., Judge.
This is an appeal from a trial court judgment rendered in favor of the plaintiff, Michael E. Twardzik, and against the Orleans Parish School Board following a trial on the plaintiffs petition for a writ of mandamus.[1]
Mr. Twardzik interviewed for a position as Network Support Technician with the Orleans Parish School Board, but he did not get the job. He later submitted a public records request to Cynthia R. Williams, the Executive Director of Board Operations for the Orleans Parish School Board. Mr. Twardzik sought his interview file, as well as the cumulative summary for the selection procedure. In addition, Mr. Twardzik asked to review any correspondence from Col. Alphonse G. Davis, Chief Executive Officer for the Orleans Parish Public Schools, regarding any recommendation for the network support technician position. In the same letter, Mr. Twardzik requested the selection committee’s interview file and any related correspondence relative to the advertised position of Personal Computer Technician.
In response, Ms. Williams wrote Mr. Twardzik, stating that the documents were not in her physical custody, but were in the control of Col. Davis, and that she directed the request to him. Shortly thereafter, Mr. Twardzik wrote a letter to Ms. Clare Jupiter, an attorney for the Orleans Parish School Board, informing *857 her that he was faxing another public records request. He also sent a letter to Dr. James Lloyd, Compliance Officer for New Orleans Public Schools, submitting a second request for the same documents.
Mr. Twardzik eventually filed a petition for a writ of mandamus, pro se, seeking to command the Custodian of Records for the Orleans Parish School Board to produce the records, and seeking attorney’s fees, penalties, and interest.[2]
In response to the writ of mandamus, the trial court signed an order stating, “the Orleans Parish School Board [is to] produce the documents requested ... or appear to show cause why they should not be produced ... If documents are produced costs, attorney fees, penalty and interest will be heard ...”
The Orleans Parish School Board filed a Motion and Memorandum in Opposition to Writ of Mandamus, stating that it had conducted a diligent search and had been unable to find the records. Thus, the school board argued that Mr. Twardzik sought documents that did not exist. However in an attempt to amicably resolve the matter, the school board produced all public records with regard to the pertinent interview files conducted during that time. Mr. Twardzik then agreed that the documents produced to the Court complied with his request.
The trial court subsequently issued a judgment in favor of Mr. Twardzik and against the Orleans Parish School Board, awarding him $3,762.50, which included lost wages, court costs, and attorney’s fees. The trial court also rendered judgment in favor of the school board, awarding it $218.00 from Mr. Twardzik for duplication of public records.
The Orleans Parish School Board appeals, arguing that the trial court erred in casting only the public body in judgment for damages, attorney fees, and court costs in a suit brought pursuant to the Louisiana Public Records Act. The school board asserts that La. R.S. 44:35 E [3] provides that the custodian shall be personally liable for the requester’s damages and shall be liable in solido with the public body for the payment of the requester’s attorney fees and other costs of litigation in certain circumstances. It also argues that Mr. Twardzik offered no evidence at trial that he incurred attorney fees and/or court costs. Last, the school board contends the trial *858 court erred in awarding lost wages in a suit for mandamus.
According to the trial court’s written judgment, a hearing was held in this matter. The trial court, however, verified that the testimony and argument of counsel at the hearing were not recorded and transcribed. Thus, in the absence of both written reasons for judgment and a transcript from the hearing, we cannot ascertain the basis of the trial court’s ruling.
The Orleans Parish School Board alleges that it turned over all of the records in its possession to Mr. Twardzik and satisfied his request. The record contains the scheduling sheets for Mr. Twardzik on the day he interviewed for the position, which the school board turned over to him. Apparently, the other documents requested by Mr. Twardzik did not exist and the school board satisfied his request for the public records in its possession. Nothing in the record indicates otherwise.
The trial court judgment awarded Mr. Twardzik $3,762.50, “representing lost wages, court costs and attorneys fee’s (sic).” In the absence of reasons for judgment and/or the trial transcript, we cannot determine if or how the trial court apportioned the total damage award. Nevertheless, in order for Mr. Twardzik to obtain actual damages the trial court had to have found that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the public records request. See La. R.S. 44:35 E(l). The record contains no evidence that the Custodian of Records for the Orleans Parish School Board acted unreasonably or was arbitrary and capricious in handling Mr. Twardzik’s request for public records. Also, nothing in the record supports the trial court’s award to Mr. Twardzik for lost wages. This case was strictly a suit for mandamus and the issue of lost wages was never before the trial court. Finally, the record indicates that Mr. Twardzik filed his petition pro se and wrote three letters to officials at the Orleans Parish School Board requesting the public documents. The record does not support a finding that he was entitled to attorney’s fees.
Accordingly, for the reasons stated herein, the judgment of the trial court in favor of Michael Twardzik, awarding him $3,762.20 in his suit for mandamus, is reversed.
REVERSED.

. The Orleans Parish School Board initially filed an application for supervisory writ to seek review of the trial court's judgment. The time periods for taking a writ and a suspen-sive appeal had expired, but not the time limit for taking a devolutive appeal. Thus, the writ application was converted to a devolutive appeal. Mr. Twardzik filed neither an opposition to the writ nor a response to the appeal.

. The petition specifically names the Orleans Parish School Board as the defendant. However, the prayer at the end of the petition refers to the defendant as the Custodian of Records for the Orleans Parish School Board.

. La. R.S. 44:35 E provides:
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorney fees to the custodian.